# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.               Case No. 07-CR-29

**MARVIN CROSS**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Marvin Cross pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g), and I set the case for sentencing. In imposing sentence, the district court must first calculate the advisory sentencing guideline range, resolving any disputes necessary to that determination, then determine the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

### I. GUIDELINES

The pre-sentence report ("PSR") recommended a base offense level of 20 on the assault count, U.S.S.G. § 2K2.1(a)(4)(A), based on defendant's prior conviction for fleeing, a "crime of violence." The PSR then subtracted 3 for acceptance of responsibility, § 3E1.1, for a final level of 17. Coupled with his criminal history category of III, the PSR recommended a range of 30-37 months.

Defendant objected to the base offense level, arguing that fleeing does not constitute a crime of violence under the logic of Begay v. United States, 128 S. Ct. 1581 (2008). However, as defendant conceded, I have found, post-Begay, that fleeing under Wis. Stat. §

346.04(3) is a crime of violence, see United States v. Lee, No. 07-CR-131, 2008 WL 2595190, at *1 (E.D. Wis. June 27, 2008), and the Seventh Circuit more recently held that fleeing under a similar Indiana statute is a crime of violence, see United States v. Spells, No. 07-1185, 2008 WL 3177284, at *7-8 (7th Cir. Aug. 8, 2008). Defendant agreed to a base level of 20 in the plea agreement, and he raised this issue simply to preserve it. I found that he adequately preserved the point, but for the reasons set forth more fully in Lee and Spells I overruled the objection. I considered defendant's arguments as to the precise conduct involved in his fleeing case under § 3553(a).

## II. SENTENCE

### A. Section 3553(a) Factors

In imposing sentence, the court must consider all of the factors set forth in § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

2

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). While the guidelines serve as the starting point and initial benchmark, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

**B. Analysis**

**1. The Offense**

This case arose out of an investigation of Reginald Bickham, a large-scale Milwaukee-area marijuana dealer. Bickham identified defendant as one of his customers, which led to the execution of a warrant at defendant's house, pursuant to which agents seized a firearm, ammunition and a small amount of marijuana. Defendant pleaded guilty to possessing the firearm as a felon, and the government did not press for any sentencing enhancements based on his alleged drug trafficking activities.[1]

---

[1] The government also dismissed a marijuana distribution conspiracy charge at sentencing. Because the parties were content to have defendant sentenced based on the

3

## 2. The Defendant

Defendant was twenty-seven years old, with a modest prior record consisting of convictions for marijuana possession, carrying a concealed weapon and fleeing an officer (the predicate felony under 18 U.S.C. § 922(g)). He grew up in an intact, two parent home, and his parents remained supportive, as did his siblings.

However, until recently, defendant had not done a whole lot with his life. He graduated high school but compiled a pretty limited work record. He was the father of an eight year old daughter from a previous relationship and owed over $12,000 in back child support, although he did appear to be involved in the child's life, and the child's mother remained positive about him. He admitted significant past use of marijuana and provided some residual positive drug tests early on in this case, but his last twenty-three screens on pre-trial release all registered negative.

He appeared to be doing better lately. As indicated, he had remained drug free for over a year; he worked through a temporary service for the four months preceding sentencing and hoped to be hired full-time; and he complied with his conditions of pre-trial release, which included nearly nine months on electronic monitoring.

## 3. Guidelines and Purposes of Sentencing

The guidelines recommended 30-37 months in prison, but defendant presented two arguments for a below-guideline sentence. The first was based on the cumulative effects of his only prior felony, the 2006 fleeing conviction. That conviction resulted in his prohibited

---

instant offense of conviction, I made no findings as to the allegations of drug trafficking contained in the PSR, which did not affect the guidelines or the sentence. See Fed. R. Crim. P. 32(i)(3)(B).

4

status under 18 U.S.C. § 922(g), increased his offense level from 14 to 20 under U.S.S.G. § 2K2.1(a), and generated 4 of his 5 criminal history points under U.S.S.G. §§ 4A1.1(b) & (e). Had this particular conviction been one that caused me great concern about what defendant might do with a gun, I would have considered those effects typical and deserved. But here, the particular offense conduct was relatively mild. According to the PSR, police were dispatched pursuant to a suspicious vehicle report; officers stopped defendant's car and saw him try to conceal something next to his seat. When the officer tried to open the car door, defendant started the car and drove away. The officer chased defendant for a few blocks before defendant stopped and was arrested. The officer then determined that defendant had a revoked license but found no contraband in the car. Moreover, no one was hurt during the encounter, and it did not appear that the particular circumstances of this chase presented any great danger to those in the vicinity or to the officer.

As I discussed in Lee, fleeing may be considered a crime of violence under a categorical approach, but under § 3553(a) the court has greater freedom to consider the particular circumstances of the predicate conviction in order to determine the degree of risk the defendant poses with a gun. See 2008 WL 2595190, at * 4. The circumstances of defendant's prior fleeing conviction did not suggest a great risk. In other words, this was not the type of aggressive, violent behavior that justified a significant increase in the sentence.

I also noted in this regard that defendant had no prior record of gun violence, or actual violence of any sort. Nor did the facts of the instant offense suggest such a risk. Agents found the gun in defendant's home; he was not carrying it around on his person or in his car. Nor was there any evidence that he ever used or intended to use the gun, or that he threatened anyone with it. Therefore, I found that the base level 20 and criminal history category of III overstated

5

the seriousness of the instant offense and the risk defendant presented to the public.

Defendant based his second argument on post-offense rehabilitation. He noted that since his arrest in January 2007, he stopped using marijuana, found a job and commenced making child support payments. He lived with his parents and helped his mother after she suffered a stroke. Defendant stated that he had demonstrated a new attitude and a new lifestyle. While his recent behavior was encouraging, I found it too soon to tell whether defendant had truly made significant and lasting changes. As he acknowledged, he made these changes while under strict conditions of pre-trial supervision and while facing a 5-40 drug conspiracy count. Therefore, I found that this argument was entitled to limited weight.

Defendant requested a sentence served in the community, but I found a period of confinement in prison necessary to satisfy the purposes of sentencing. Defendant had a prior record for firearm possession, and his previous sentences of 30 days and five months in jail had not deterred him. I concluded that a greater term was required to satisfy the need for specific deterrence. I also found that a period of imprisonment was necessary to promote respect for the law and provide for general deterrence. As a convicted felon, defendant could not possess firearms. I imposed a sentence that impressed this upon him and others like him.

### III.  CONCLUSION

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary to satisfy the purposes of sentencing. This was a below guideline sentence, but for the reasons discussed above the range was greater than necessary given the specific offense conduct and the circumstances of the predicate felony. Therefore, the sentence created no <u>unwarranted</u> disparity. I further stated that the sentence would have been the same regardless of my findings on the guidelines.

6

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day. Upon release, I ordered him to serve three years of supervised release, with drug testing and treatment and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

7

Case 2:07-cr-00029-LA   Filed 08/29/08   Page 7 of 7   Document 141